United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HENRY OSCAR BUTLER, JR.,<br><br>Plaintiff,<br><br>v.<br><br>CONTRA COSTA COUNTY JAIL, et al.,<br><br>Defendants. | Case No. 25-cv-06427-YGR (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

This suit was reassigned from a magistrate judge to the undersigned in light of a recent Ninth Circuit decision.[1]

On November 12, 2025, Magistrate Judge Joseph C. Spero issued an Order Screening Complaint. Dkt. 8. Specifically, Magistrate Judge Spero granted plaintiff twenty-eight days from the date of the November 12, 2025 Order to file an amended complaint to allege facts sufficient to state a cognizable constitutional claim against all defendants. *Id.* at 3. Plaintiff was warned that the failure to timely file an amended complaint would result in this suit being reassigned to a district judge with a recommendation that the suit be dismissed in part or in its entirety. *Id.* at 4. The time for plaintiff to file his amended complaint has passed, and no amended complaint has been filed.

Thereafter on January 12, 2026, as indicated above, this case was reassigned to the undersigned judge. Dkts. 11, 12.

---

[1] *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial screening because unserved defendants had not consented to proceed before magistrate judge).

Taking into account the salient factors set forth in *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), the Court finds that dismissal is warranted under Federal Rule of Civil Procedure 41(b).[2] *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 989, 992 (9th Cir. 1999) (affirming dismissal of action following plaintiff's failure to amend complaint after receiving leave to do so, where the interest in expeditious resolution of litigation, the court's management of its docket, and avoiding prejudice to defendants favored dismissal).  Accordingly, IT IS HEREBY ORDERED that the complaint in the above-captioned action is DISMISSED without prejudice.  The Clerk of the Court shall terminate all pending motions and close the file.

IT IS SO ORDERED.

Dated:    March 9, 2026

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge

United States District Court
Northern District of California

---

[2]  If and when plaintiff is prepared to pursue his claims, he may file a new civil rights action.  The limitations period to file a section 1983 action in California is two years, but it is tolled for up to two years during a continuous period of incarceration.  *See Silva v. Crain*, 169 F. 3d 608, 610 (9th Cir. 1999) (holding, pursuant to Cal. Civ. Proc. Code § 340(3), that the limitations period for filing a section 1983 action in California is one year); S.B. 688 (amending Cal. Civ. Proc. Code § 340(3) and adding section 335.1 to establish two-year residual limitations period for personal injury actions); Cal. Civ. Proc. Code § 352.1(a) (providing for an additional two years of tolling during a period of continual imprisonment).